Kinsey C. J.
In this case it appears that a summons issued on the 1 teh August, returnable on the 23d of the same month# when both parties appearing plaintiff craved a jury and a venire was granted returnable on the 8th of September. The Justice however being taken sick abroad, was unable to attend at the time, and no adjournment was made. Two days after plaintiff craved another venire, which was issu ed returnable on the 2éith, an notice of trial was regularly served, on defendants as appears by plaintiff’s affidavit. On the 2Mh, the Justice gave judgment, defendants not attending. Two objections have been made to this judgment. — 1st That there was a discontinuance of the suit on the 8th of September, there being no adjournment to the 2ith or any other time. 2d That the Justice took the plaintiff’s oath to prove notice of trial having beep regularly served on the Darlings* *201 I am of opinion that neither of these causes are sufficient to set aside the judgment. The appearance of the parties on the summons was a regular commencement of the suit, and attached it to the Justice. The defendant had notice of trial, and might have been heard if he had chosen; his omission wears the appearance of an attempt to get rid of the suit fey an artifice. The want of a regular adjournment never has that I know of, been deemed a sufficient ground for setting aside the judgment of a Justice, where it appears that justice is done, or that the party had an opportunity of being heard and refused or omitted to avail himself of the privilege.
The proceedings of these tribunals should be liberally considered. As to the affidavit, it has always been considered correct to admit such evidence in collateral matters.
Smith J. concurred.
Chet wood J. was for re versing the judgment, on the ground that there should always be regular adjournments.

Judgment affirmed..